IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLENE CREAR                                        * CIVIL ACTION
                                                      *
                                                      * NO.: 1:12cv016-JMR
                                                      *
VERSUS                                                * SECTION:
                                                      *
GREGORY HORN, M.D. d/b/a                              *
GREGORY W. HORN, M.D., P.A. d/b/a                     *
MISSISSIPPI COAST OB/GYN, P.A.,                       *
and d/b/a ST. MARTIN'S WOMAN'S                        *
CLINIC, P.A. and SINGING RIVER                        *
HEALTH SYSTEM d/b/a OCEAN                             *
SPRINGS HOSPITAL                                      *

*FILED JAN 13 2012 — SOUTHERN DISTRICT OF MISSISSIPPI, J T NOBLIN CLERK, BY ___ DEPUTY*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes your Complainant, Charlene Crear , a person of the full age of majority and a citizen of the State of Georgia, who respectfully avers as follows:

1

Made Defendants herein are Gregory Horn, M.D. d/b/a Gregory W. Horn, M.D., P. A., d/b/a Mississippi Coast OB/GYN, P.A., and d/b/a St. Martin's Woman's Clinic, P.A. [hereinafter "Dr. Horn"], a person of the full age of majority and an obstetrician-gynecologist licensed to practice and actively practicing in Ocean Springs, County of Jackson, State of Mississippi and a citizen of the State of Mississippi, at all pertinent times herein; and Singing River Health System, a Jackson County owned facility d/b/a Ocean Springs Hospital [hereinafter the 'hospital" or "Ocean Springs Hospital"], a

health care facility authorized to do and doing business in the County of Jackson, State of Mississippi and a governmental entity of the State of Mississippi, at all pertinent times herein.

2

The Complainant is a citizen of the State of Georgia and Defendants are citizens of the State of Mississippi and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3

Your Complainant, Charlene Crear, born 12/28/83, was diagnosed with Polycystic Ovary Syndrome [PCOS], pelvic pain, endometriosis and menorrhagia [heavy menses]. The Defendant, Dr. Horn, advised Mrs. Crear that she needed a hysterectomy [i.e., the removal of her ovaries, fallopian tubes and uterus], to treat this condition. Based upon Dr. Horn's representations she agreed to a hysterectomy at the hands of Dr. Horn, which he performed at Ocean Springs Hospital on October 20, 2010. The pathology analysis of the surgical specimen revealed benign changes.

4

The hysterectomy was not the appropriate or necessary treatment for PCOS, pelvic pain, menorrhagia and endometriosis. The standard and appropriate treatment of PCOS, pelvic pain, menorrhagia, and endometriosis is weight loss and medication. The hysterectomy was a deviation from the standard of care required of OB-GYN's, negligent, egregious and in reckless disregard for the safety of the patient to perform such a procedure for PCOS, pelvic pain, menorrhagia, and endometriosis and not warn petitioner

of the risks and consequences of a hysterectomy.

5

When tissue is removed during surgery, the pathology department of the hospital is required to examine the tissue and make a diagnosis. If anything untoward or suspicious is noted, such as a benign or normal tissue specimen as here from a hysterectomy, the pathology department should notify the medical director, chief of surgery, Department of Surgery, and Tissue Committee of the discrepancy so that appropriate investigation and remedial action can be taken. A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require. It is the hospital's duty to protect the patient from dangers that may result from the patient's physical and mental incapacities as well as from external circumstances peculiarly within the hospital's control. The hospital, through its medical director, chief of surgery, Department of Surgery, pathology department, and Tissue Committee, should have investigated Dr. Horn's surgical decisions when it was discovered that the hysterectomy was being performed unnecessarily and without medical justification. The hospital should have prevented Dr. Horn from performing such grossly unnecessary and inappropriate procedure. Thus, Ocean Springs Hospital engaged in a common plan to ignore or conceal the medically unjustified hysterectomy and therefore, is responsible for its negligent acts of commission and omission by its employees, including but not limited to the foregoing committees and physicians, for breach of its duty to prevent Dr. Horn from performing inappropriate and unnecessary hysterectomies, pursuant to the doctrine of *respondeat superior*.

6

Your Complainant invokes the doctrine of *res ipsa loquitur* and therefore, she is entitled to a presumption of negligence because the circumstances are so unusual (hysterectomy for PCOS) that the injury (removal of reproductive organs) would not ordinarily occur in the absence of negligence (medically unnecessary hysterectomy), the defendants had exclusive care, custody and control of the conduct or thing that caused the injury, and, the only fair and reasonable conclusion is that the injury (sterilization and its consequences) was due to a breach of duty on the part of one or more of the defendants or their employees. Consequently, since there occurred some untoward event, or some omission or act, from which there resulted something not intended, nor ordinarily found to occur during such treatment or operation, the burden of proof shifts to the defendants, and the defendants are now required to prove by a preponderance of the evidence that the unusual occurrence, did not result from negligence.

7

Dr. Horn deviated from the standard of care required of obstetricians-gynecologists, causing permanent injury and damage to Charlene Crear as a result of the following acts and/or omissions:

   I.   failing to obtain a thorough history;

   II.  failing to perform a thorough examination;

   III. failing to order and/or perform appropriate testing;

   IV.  failing to consult and/or refer the patient to appropriate specialists;

   V.   failing to properly diagnose the patient's conditions;

VI. failing to properly treat the patient's conditions conservatively instead of and prior to surgery in order to avoid the consequences of the damages and injuries flowing therefrom including but not limited to removal of her reproductive organs resulting in permanent inability to bear children and increased health risks associated with hysterectomy and hormone replacement therapy;

VII. failure to rule out and properly treat PCOS, pelvic pain, menorrhagia and endometriosis;

VIII. performing unnecessary and unjustified hysterectomy and failure to warn the patient of the risks and consequences of hysterectomy, failure to offer/refer her for egg harvesting (oocyte cryopreservation), and obtain her informed consent;

IX. improperly diagnosing and treating Charlene Crear's condition and thereby, placing her at risk for permanent injury and damage and subjecting her to risks and adverse outcomes that were not contemplated or anticipated by Charlene Crear; and

X. any and all other acts or omissions that may be shown at the trial on the merits.

8

Furthermore and alternatively, Ocean Springs Hospital and its employees deviated from the standard of care for failing to exercise the requisite amount of care toward Charlene Crear that her particular condition required causing permanent injury and

damage to her as a result of the following, non-exclusive list of acts and/or omissions:

1) failing to appropriately and timely monitor the patient's condition;

2) failing to prevent this doctor from performing hysterectomies once it was discovered the first time he was performing them unnecessarily or without medical justification and/or for PCOS, pelvic pain, menorrhagia and endometriosis;

3) failing to appropriately respond to and investigate the doctor's surgical experience based upon the tissue results;

4) failing to suspend the doctor's privileges and failing to notify the Mississippi State Board of Medical Examiners of Dr. Horn's inappropriate treatment and surgical judgment;

5) Failure to comply with hospital policies and procedures;

6) failure to warn the patient of this risk and obtain her informed consent;

7) any and all other acts or omissions that may be revealed in the medical records or through testimony.

9

Charlene Crear cannot bear children, despite the fact she wanted more children. She will require medical care the rest of her life including but not limited to laboratory tests, office visits and medication related to her hysterectomy and hormone replacement therapy protocols. She will also suffer a decreased life expectancy, an increased risk of stroke and heart attack, a decreased quality of life, mood swings, insomnia/impaired sleep, hot flashes, vaginal dryness, lack of sexual desire, painful sexual experience and osteoporosis

due to the consequences of her hysterectomy.

10

Dr. Horn and Ocean Springs Hospital are jointly and severally liable unto your petitioners for such damages as are reasonable in the premises including but not limited to past, present and future mental pain and emotional anguish; past, present and future physical pain and suffering; loss of quality and enjoyment of life; permanent disability, embarrassment, deformity and disfigurement; deceased life expectancy; past medical and hospital expenses; future medical and hospital expenses; loss of earning capacity; loss of consortium, service and society; punitive damages for acting in reckless disregard for the safety of the patient; and for all costs of these proceedings.

WHEREFORE, Charlene Crear, prays the Defendants, Gregory Horn, M.D. and Singing River Health System d/b/a Ocean Springs Hospital, be duly cited and served and that after due proceedings had there be judgment herein in favor of your Complainant and over and against the Defendants, Dr. Horn and Singing River Health System d/b/a Ocean Springs Hospital, jointly and severally, for such damages as are reasonable in the premises.  Furthermore, your Complainant prays for all general and equitable relief, all costs of these proceedings, and that legal interest accrue from date of filing of the complaint and for a trial by jury of all issues herein.

Respectfully submitted:

*[signature]*

David A. Hilleren Miss Bar No. 2463
HILLEREN & HILLEREN, L.L.P.
131 Oakwold Ln.
P. O. Box 210
Evergreen, LA 71333
(318) 346-6162
(318) 346-6120 fax
**oakwold@bellsouth.net**
Attorney for Complainant


*[signature]*

C. A. Fleming, III
LSBA 5608
2118 Causeway Blvd.
Metairie, LA 70001
(504) 837-9511
**fleminglaw@bellsouth.net**
Attorney for Complainant


**PLEASE SERVE:**

**Gregory Horn, M.D. d/b/a Gregory W. Horn, M.D., P.A., d/b/a Mississippi Coast OB/GYN, P.A., and d/b/a St. Martin's Woman's Clinic, P.A.**
21 Doctors Dr.
Ocean Springs, MS 39564


**Singing River Health System d/b/a Ocean Springs Hospital**
Through its registered agent
Chris Anderson, CEO
2101 Hwy 90
Gautier, MS 39553

## CERTIFICATE OF CONSULTATION WITH EXPERT

      Pursuant to Sec. 11-1-58, The undersigned attorney(s) have reviewed the facts of this case and Mr. Fleming has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care and negligence and who the attorney(s) reasonably believe is knowledgeable in the relevant issues involved in the particular action, and that the attorney(s) have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

_____
David A. Hilleren Miss Bar No. 2463
HILLEREN & HILLEREN, L.L.P.
131 Oakwold Ln.
P. O. Box 210
Evergreen, LA 71333
(318) 346-6162
(318) 346-6120 fax
**oakwold@bellsouth.net**
Attorney for Complainant

_____
C. A. Fleming, III
LSBA 5608
2118 Causeway Blvd.
Metairie, LA 70001
(504) 837-9511
**fleminglaw@bellsouth.net**
Attorney for Complainant