IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLENE CREAR | PLAINTIFF |
| v. | CAUSE NO. 1:12-CV-8-LG-JMR |
| GREGORY HORN, M.D., d/b/a<br>GREGORY W. HORN, M.D., P.A. d/b/a<br>MISSISSIPPI COAST OB/GYN, P.A., and<br>d/b/a ST. MARTIN'S WOMAN'S CLINIC, P.A., and<br>SINGING RIVER HEALTH SYSTEM d/b/a<br>OCEAN SPRINGS HOSPITAL | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING
## SINGING RIVER HEALTH SYSTEM'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [12] filed by Singing River Health System d/b/a Ocean Springs Hospital. Singing River argues that Charlene Crear's lawsuit claiming medical malpractice due to unnecessary surgery is barred by the statute of limitations. In the alternative, Singing River asserts that Crear has failed to state a claim upon which relief can be granted. Since both Crear and Singing River have produced evidence outside of the pleadings, the Court has converted Singing River's Motion to a Motion for Summary Judgment. After reviewing the submissions of the parties and the applicable law, the Court finds that Singing River's Motion should be denied, because the discovery rule tolled the statute of limitations and Singing River has not demonstrated that Crear failed to state a claim.

## FACTS

Defendant Gregory Horn, M.D., performed a hysterectomy on Crear on October 20, 2010, at Ocean Springs Hospital, because she had been diagnosed with

polycystic ovary syndrome (PCOS), pelvic pain, endometriosis, and menorrhagia. In 2011, Crear moved to Georgia due to her husband's work. Crear's new gynecologist in Georgia obtained her medical records from Horn and informed Crear on October 20, 2011, exactly one year after the surgery, that the pathology conducted following her surgery revealed benign changes. He opined that the surgery was not the proper treatment for the medical conditions that she suffered from. Crear claims this was the first indication that she did not need the surgery.

Ocean Springs Hospital is operated by Singing River, which is a governmental entity subject to the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq. Crear provided Singing River with notice of her claim on October 28, 2011.

In her Complaint, which was filed on January 13, 2012, Crear claims that hospitals are required to examine tissue removed during surgery and make a diagnosis. If the tissue is benign or normal, Crear contends that the hospital is required to conduct an investigation. She believes that Horn also performed unnecessary hysterectomies on other patients and Singing River "fail[ed] to prevent this doctor from performing hysterectomies once it was discovered the first time he was performing them unnecessarily or without medical justification and/or for PCOS, pelvic pain, menorrhagia and endometriosis." (Compl. 6, ECF No. 1). She also claims that the hospital failed to appropriately and timely monitor her condition, failed to investigate Horn's surgical experience based on the tissue results, failed to comply with hospital policies and procedures, failed to warn Crear

of the risk and obtain her informed consent, and failed to suspend Horn's privileges and notify the State Board of Medical Examiners of "his inappropriate treatment and surgical judgment." (*Id.*)  Singing River has filed the present Motion to Dismiss, alleging that Crear's claims are barred by the one-year statute of limitations and that she has failed to state a claim upon which relief can be granted.

## DISCUSSION

**I. Standard of Review**

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998).

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant

carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## II. Statute of Limitations

A one-year statute of limitations applies to lawsuits filed against governmental entities, such as Singing River. Miss. Code. Ann. §11-46-11(3); *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 202 (¶7) (Miss. 1999). Pursuant to the discovery rule, the statute of limitations period for claims filed against governmental entities "does not begin to run until all of the elements of a tort exist, and the claimant knows or, in the exercise of reasonable diligence, should know of both the injury and the act or omission which caused it." *Caves v. Yarbrough*, 991 So. 2d 142, 155 (¶53) (Miss. 2008). In other words, the statute of limitations begins to run when the plaintiff discovers, or should have discovered by the exercise of reasonable diligence, that she has suffered an actionable injury. *Huss v. Gauden*, 991 So. 2d 162, 165 (¶5) (Miss. 2008). Thus, in medical malpractice cases, "the statute of limitations is tolled by the discovery rule until the plaintiff (1) has knowledge of the injury, (2) has knowledge of the cause of the injury, and (3) knows the relationship between the practitioner and the injury." *Stringer v. Trapp*, 30 So. 3d 339, 342 (¶11) (Miss. 2010).

> [I]n the medical malpractice context, the discovery rule may apply in cases where the injury is not latent at all, but where the negligence which caused the known injury is unknown. For instance, a patient who undergoes a medical procedure may develop serious complications which are clearly known. However, if the patient has no reasons to know that the doctor's negligence in performing the procedure caused the complications, the discovery rule will apply, even though the injury itself is not latent at all.

*Id.* (quoting *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008-09 (Miss. 2007)).

In the present case, Singing River argues that the discovery rule did not toll Crear's claims, because she did not exercise reasonable diligence in attempting to discover whether Horn was negligent. This Court disagrees. Only a doctor could inform Crear that a hysterectomy was not the proper treatment for the medical conditions that she had been diagnosed with. Crear had no reason to question the necessity of the surgery, and she had no means of discovering that she had suffered an actionable injury until one year after the surgery, when she was informed of the negative test results by her new physician. *See, e.g., Black v. Littlejohn*, 325 S.E.2d 469, 483-84 (N.C. 1985) (holding that a patient was not required to seek out a second opinion concerning the necessity of her hysterectomy either before or after surgery in order to receive the benefit of the discovery rule, since she had no way of knowing that she had suffered an actionable injury within the limitations period); *Kruschke v. Lovell*, No. 259601, 2005 WL 2896986 at *4 (Mich. Ct. App. Nov. 3, 2005) ("We cannot help but wonder aloud how a female layperson would discover . . . the existence of an unnecessary hysterectomy without being informed of such by a doctor, and we do not believe that it was incumbent upon plaintiff . . . to seek a

second opinion regarding the necessity of the surgery . . . ."). In addition, the Defendant has provided no evidence tending to show that Crear was aware of the medical significance of a finding of "benign changes" in the post surgery pathology report; or whether she was aware of the report at all.

The Court finds that Crear's claims against Singing River were tolled by the discovery rule until she was informed that the hysterectomy was unnecessary. As a result, her lawsuit was timely filed.

### III. Failure to State a Claim

In the alternative, Singing River claims that Crear has failed to state a claim upon which relief can be granted, because her claim is based solely on the fact that the surgery took place at a Singing River facility. This assertion is incorrect. Crear contends, among other things, that the hospital failed to take appropriate actions to investigate her surgery and possibly earlier unnecessary surgeries. Singing River has not addressed these claims, and thus it has not met its initial burden of demonstrating that it is entitled to judgment as a matter of law. It would be improper for the Court to analyze the merits of Crear's claims on its own.

## CONCLUSION

For the foregoing reasons, the Court finds that Singing River's Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [12] filed by Singing River Health System d/b/a Ocean Springs Hospital, which this Court construed as a motion for summary judgment, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of May, 2012.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              CHIEF U.S. DISTRICT JUDGE