IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLENE CREAR**                                                                            **PLAINTIFF**

v.                                                                            CAUSE NO. 1:12-CV-8-LG-JMR

**GREGORY HORN, M.D., d/b/a
GREGORY W. HORN, M.D., P.A. d/b/a
MISSISSIPPI COAST OB/GYN, P.A.,
d/b/a ST. MARTIN'S WOMAN'S CLINIC, P.A., and
SINGING RIVER HEALTH SYSTEM d/b/a
OCEAN SPRINGS HOSPITAL**                                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING SINGING RIVER HEALTH SYSTEM'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the First Motion for Summary Judgment [38] filed by Singing River Health System d/b/a Ocean Springs Hospital. Singing River seeks judgment as a matter of law in Charlene Crear's medical malpractice lawsuit, because it claims that she has not designated an expert witness who will give an opinion supporting each of the elements of her claim. Singing River also filed a Second Motion for Summary Judgment [58], claiming that Crear failed to respond to requests for admissions, and Crear has filed a Motion [65] asking the Court to withdraw the alleged admissions. After reviewing the submissions of the parties and the applicable law, the Court finds that Singing River's First Motion for Summary Judgment should be granted, because Crear cannot state a prima facie claim for medical malpractice against the hospital without expert testimony. Singing River's Second Motion for Summary Judgment and Crear's Motion to Withdraw are moot.

## FACTS

Defendant Gregory Horn, M.D., performed a hysterectomy on Crear on October 20, 2010, at Singing River Health System's Ocean Springs Hospital, because she had been diagnosed with polycystic ovary syndrome (PCOS), pelvic pain, endometriosis, and menorrhagia. In 2011, Crear moved to Georgia due to her husband's work. Crear's new gynecologist in Georgia obtained her medical records from Dr. Horn and informed Crear that the pathology conducted following her surgery revealed benign changes. He opined that the surgery was not the proper treatment for her medical conditions. She filed this lawsuit against Horn and Singing River, alleging medical malpractice due to the allegedly unnecessary surgery.

Singing River has filed the present Motion for Summary Judgment, arguing that Crear has not designated an expert witness that will provide opinions supporting the elements of her medical malpractice claim concerning the Hospital as required by Mississippi law. Crear counters that she has designated Dr. Neil S. Gladstone, who has opined that Crear's surgery was unnecessary, because there was no evidence of endometriosis and a hysterectomy is not the proper treatment for PCOS. (Pl.'s Mem., Ex. 2 at 1, ECF No. 46-3). According to Dr. Gladstone, Crear informed him that Dr. Horn had also performed a hysterectomy on her mother in an effort to treat PCOS and he had recommended surgery for her younger sister. (*Id.*) With regard to the Hospital, Dr. Gladstone wrote a letter providing the following information and opinions to Crear's attorney:

> Besides questioning the motives of the surgeon, the hospital which is

>probably accredited by the JCAH, has an obligation to review all surgeries in which normal tissue has been removed. This information is usually protected from discovery. If there are several members of this family who have been treated in a similar fashion and if the pathology is benign in all cases, then there may be an opportunity to discover any committee proceedings or sanctions involving this doctor. If his actions were ignored by the hospital, then I would believe there may be an action involving the hospital in not performing due diligence and allowing a rogue surgeon to practice. Both the JCAH and the State Board of Medical Examiners do not take kindly to hospitals that allow this type of practice.

(*Id.* at 2)[1]. In her Memorandum, she also claimed that summary judgment is premature, because she filed two Motions [44, 47] to Compel additional discovery. Chief United States Magistrate Judge John M. Roper denied both Motions to Compel on September 7, 2012. (Orders, ECF Nos. 62, 63).

## DISCUSSION

**I. Standard of Review**

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-

---

[1] JCAH is the Joint Commission on Accreditation of Hospitals.

movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## II. Crear's Medical Malpractice Claim Against Singing River

To establish a prima facie case of medical malpractice, a plaintiff must demonstrate that:

> (1) the defendant had a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) the defendant failed to conform to that required standard; (3) the defendant's breach of duty was a proximate cause of the plaintiff's injury; and (4) the plaintiff was injured as a result.

*McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 578 (¶9) (Miss. 2011). "The general rule is that medical negligence may be established only by expert medical testimony, with an exception for instances where a layman can observe and understand the negligence as a matter of common sense and practical experience." *Id.* The expert must identify and articulate the requisite standard of care, state that the defendant breached that standard of care, and establish that the breach was the proximate cause or proximate contributing cause of the plaintiff's alleged injuries. *Id.* Thus, in Mississippi medical malpractice actions, expert testimony is generally required in order to survive summary judgment. *Kuiper v. Tarnabine*, 20 So. 3d 658, 661 (¶8) (Miss. 2009).

Crear does not dispute that expert testimony is necessary in this case, and the Court finds that expert testimony is required, because a layperson would not be

able to determine the appropriate standards of care imposed on hospitals to avoid unnecessary surgery. Crear argues that Dr. Gladstone's statements regarding the hospital are sufficient to demonstrate a prima facie case of medical malpractice against Singing River.

Dr. Gladstone provided the standard of care – hospitals are required to review all surgeries in which normal tissue has been removed – but he has not opined that Singing River breached that standard of care or that the breach proximately caused Crear's injuries. Dr. Gladstone's statements regarding the hospital are largely hypothetical in nature and for the most part he was providing advice to Crear's attorney on how to set forth a claim against the hospital. No expert has opined that Singing River failed to review Horn's surgeries in which normal tissue was removed or that Singing River's failure to review the surgeries proximately caused Crear's injuries. The expert designation deadline has expired in this case. Singing River Hospital is entitled to judgment as a matter of law due to Crear's failure to set forth a prima facie case of medical malpractice.

## CONCLUSION

For the foregoing reasons, the Court finds that Singing River is entitled to judgment as a matter of law. Crear's claims against Horn remain pending.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the First Motion for Summary Judgment [38] filed by Singing River Health System d/b/a Ocean Springs Hospital is **GRANTED**. A judgment will be entered in accordance with Fed. R. Civ. P. 58 after Crear's claims against Defendant Gregory Horn have been

resolved.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Second Motion for Summary Judgment [58] filed by Singing River Health System d/b/a Ocean Springs Hospital and the Motion to Withdraw Admissions [65] filed by Charlene Crear are **MOOT**.

**SO ORDERED AND ADJUDGED** this the 12th day of September, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE